UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

IN RE:                                                                    CASE NO.  15-80849 JJG-13
     FERNELL KEITH McDONALD,
        Debtor(s).

MOTION TO MODIFY PLAN AFTER CONFIRMATION
PURSUANT TO 11 U.S.C. § 1329

    Donald L. Decker, the Standing Trustee, files this Motion for Modification of Plan after Confirmation pursuant to 11 U.S.C. § 1329 and in support thereof states:

1. The Debtor, Fernell Keith McDonald, filed his Chapter 13 Bankruptcy on October 21, 2015.

2. The Debtor's Amended Chapter 13 Plan filed December 14, 2015, provided for several secured creditors including Regions Mortgage, collateral house and real estate located at 180 8th Street NE, Linton, Indiana, estimated arrears $1,200.00.  Based upon this plan provision, the Trustee recommended plan confirmation.  The Debtor's amended plan was confirmed by Order made and entered February 19, 2016.

3. On March 29, 2016, Regions Bank filed its Proof of Claim secured by real estate described as "Note and Recorded Mortgage on 180 6th St NE, Linton, IN 47441-1428."  The amount necessary to cure any default as of the date of the petition was $2,451.77.  The pre-petition arrearage includes payments of $575.42 due September 1, 2015, and October 1, 2015, plus late charges of $334.71, arrearage escrow shortage of $316.22, and bankruptcy attorney fees of $650.00.  The Amended Plan makes no provision for this secured creditor with collateral at this address.

4. The Trustee is informed and believes that the plan provision erroneously providing for realty described as 180 8th Street NE, Linton, Indiana, in arrears $1,200.00 is in fact the realty identified in the note and recorded mortgage of Regions Mortgage on 180 6th St NE, Linton, Indiana 47441.

5. The Trustee contends that if there is an allowed mortgage claim in default as of the date of the petition, and the Debtor is proposing to cure the pre-petition default by making payments through the Trustee, then both the pre-petition arrearage and the post-petition mortgage installments should be made through the Trustee for any real estate mortgage, both residential and non-residential realty unless the Debtor demonstrates a significant reason for doing otherwise.

6. While debtors may reasonably propose payments directly to creditors holding unimpaired claims, the Trustee contends that the Bankruptcy Court may require that both the default cure and subsequent contract payments be made through the Plan.  The Trustee suggests that such payments by the Trustee are more efficient, more reliable, fairer to creditors, and likely to reduce payment default.

7. Direct payments hinder the ability of the Court, the Trustee, and creditors to administer, monitor and supervise a Debtor's performance in Chapter 13.

8. The mortgage creditor is required to properly credit payments.  11 U.S.C. § 524(i) defines a violation of the discharge injunction when a creditor fails to properly credit payments during a Chapter 13 case.  There is a likelihood that the payments during the Chapter 13 will not accurately be accounted for by mortgage servicers conforming to the confirmed plan, including arrearage payments confused with regular payments, and attorney's fees, expenses and charges paid or authorized, and notices of payment change all pursuant to Fed.R.Bankr.P. Rule 3002.1.

9. The mortgage payments disbursed by the Trustee provide conclusive evidence of who was paid, the amounts paid, and the timing of those payments.

10. Debtors may be in bankruptcy because of difficulty in properly calculating and making payments timely.  After the bankruptcy filing, the payment process is complicated by requiring the debtor to deal with the post confirmation amounts including attorney's fees, changes in the interest rate and/or escrow, and the amount necessary to cure any arrearage.

11. The Trustee projects that an increase in plan payments to the Trustee from $500.00 monthly to $1,180.00 monthly will allow the Debtor to pay in full the amount required to cure the default and consistent with Section 1322(b)(5) of the Bankruptcy Code be current on all post-petition payments.

WHEREFORE, the Chapter 13 Trustee requests that this Court inquire into the matters herein raised, hold a hearing dealing with the issues herein raised, or enter such orders and require such further inquiry as may appear appropriate to the Court.

NOTICE IS GIVEN that any objection to the Motion to Modify Plan must be filed at http://ecf.insb.uscourts.gov which requires a user account and password or in writing with the Clerk's Office at 352 Federal Building, 101 Northwest Martin L. King Boulevard, Evansville, IN 47708 in accordance with S.D.Ind. B-9013-1(d).  Any objection must be served on the attorney for the filing party and the chapter 13 trustee within 21 days of the date of this Notice.

If no objections are filed, the Court may enter an Order Approving the Post-Confirmation Modification of the Chapter 13 Plan without an actual hearing. Unresolved objections will be scheduled for hearing by the Court at a later date, if necessary.

Dated: April 27, 2016

  /s/ Donald L. Decker
Donald L. Decker, Chapter 13 Trustee
P.O. Box 9237
Terre Haute, IN 47808-9237
Phone: (812) 234-2600
Fax: (812) 234-2666
E-mail: ddecker@decker13trustee.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2016, a copy of the foregoing Motion to Modify Plan after Confirmation Pursuant to 11 U.S.C. § 1329 was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

John R. Himes, himeslawoffice@aol.com
U.S. Trustee, ustpregion10.in.ecf@usdoj.gov

I further certify that on April 27, 2016, a copy of the foregoing Motion to Modify Plan after Confirmation Pursuant to 11 U.S.C. § 1329 was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

Fernell Keith McDonald
PO Box 13
Linton, IN 47441

  /s/ Donald L. Decker
Donald L. Decker